FOYE v. GUARDIAN PRINTING & PUBLISHING CO.

(Circuit Court, E. D. New York. May 28, 1901.)

1. LIBEL—ANSWER—MITIGATION OF DAMAGES.

It is no ground of demurrer to an answer in an action for libel that defendant pleads Laws N. J. 1898, c. 204, providing that failure to request retraction of libel shall preclude recovery beyond actual damages, unless malice in fact is proven; such statute being pleaded in mitigation of any damages to which defendant might otherwise be entitled.

2. SUMMONS—SERVICE—PLEADING.

Where a motion to set aside summons and complaint, on the ground that service on the treasurer of a nonresident corporation was not a service on the defendant, has been overruled, the issue cannot be again raised by answer.

Louis W. Stotesbury, for plaintiff.
Olney & Comstock, for defendant.

THOMAS, District Judge. The plaintiff demurs to the tenth division of the answer, which is to the effect that service in this district on the treasurer of the defendant, a corporation resident in the state of New Jersey, did not give this court jurisdiction of the corporation; and also to the eleventh division of the answer, which is to the effect that an act relating to libels (Laws N. J. 1898, c. 204) had not been complied with by the plaintiff, in that he had not previous to the commencement of the action requested the retraction of the libelous charge. The failure to make such request by the terms of the statute precludes recovery beyond actual damages proved and specially alleged, unless the plaintiff prove malice in fact. The defendant has pleaded the statute as a separate and further defense, and in mitigation of any damages to which the defendant would otherwise be entitled. The defendant might properly plead the statute in mitigation of damages, and the statement that it has also pleaded it in defense may be unnecessary and perhaps improper, if the word "defense" be used in its technical sense. But in any case the statute can only be used for the purposes of limiting the recovery, and it is considered that the ground of demurrer in this particular should not be sustained. It is sufficiently apparent that it is pleaded as a partial defense, without so stating in terms. Demurrer to the tenth division of the answer is sustained. Heretofore, as the answer shows, the defendant moved in this court to set aside the summons and complaint, upon the ground that service upon the treasurer in this state was not a service upon the defendant, but, upon a full presentation of the facts to the court, it was held that such service was made upon the treasurer while he was in the state of New York upon the business of the defendant, and that such service did give the court jurisdiction. It is not understood how that issue can be tried first by motion, and, after determination thereof, again upon an issue raised concerning the same facts by answer.